# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EDILMA AMADOR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL MORTGAGE COMPANY,<br>et. al.,<br><br>　　　　　　　Defendants. | CASE NO. C11-414 MJP<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS |

　　　　This matter comes before the Court on Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim (Dkt. No. 12), Plaintiff's motion to stay (Dkt. No. 15), and Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction (Dkt. No. 18.). Having reviewed the motions, the responses (Dkt. Nos. 23 and 17), the replies (Dkt. Nos. 24 and 20) and all related filings, the Court DENIES Defendants' motion to dismiss under Rule 12(b)(6), DENIES Plaintiff's motion to stay, and DENIES Defendants' motion to dismiss under Rule 12(b)(1).

\\

ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS AND DENYING PLAINTIFF'S
MOTION TO STAY THE PROCEEDINGS- 1

| | |
|---|---|
| 1 | **Background** |
| 2 | Plaintiff Edilma Amador is suing Defendant Central Mortgage Company ("CMC"), |
| 3 | Northwest Trustee Services, Inc. ("NWTS"), and the Mortgage Electronic Registration Systems, |
| 4 | Inc. ("MERS") for violating the Fair Debt Collection Practices Act ("FDCPA"), state law |
| 5 | regulating collection agencies, the Washington Consumer Protection Act ("CPA"), slander of |
| 6 | title and declaratory relief. |
| 7 | Based on the Second Amended Complaint, in September 2006, Plaintiff executed a Deed |
| 8 | of Trust with Stewart Title Company as trustee, naming MERS as purported beneficiary and the |
| 9 | lender as Sierra Pacific Mortgage Company, Inc. (See Second Am. Compl., Dkt. No. 13, ¶ 7.) |
| 10 | In April 2010, Plaintiff was contacted by Defendant CMC about a delinquent loan. (Id. at ¶ 9.) |
| 11 | Despite Plaintiff requesting all correspondence be conducted through counsel, CMC notified |
| 12 | Plaintiff directly about possible foreclosure proceedings and referred Plaintiff to Defendant |
| 13 | NWTS. (Id. at ¶ 10.) CMC was not listed on the Deed of Trust and only after two months, in |
| 14 | June 2010, did MERS execute an assignment of the Deed of Trust to CMC. (Id. at ¶ 71.) In July |
| 15 | 2010, NWTS sent Plaintiff and Plaintiff's counsel a demand letter. (Id. at ¶¶ 12-13.) In |
| 16 | November 2010, NWTS notified Plaintiff about its intention to institute foreclosure proceedings, |
| 17 | identifying CMC as the beneficiary of the promissory note. (Id. at ¶¶ 17-19.) One month later, |
| 18 | CMC appointed NWTS to be trustee. (Id. at ¶ 21.) |
| 19 | Plaintiff alleges Defendants violated the FDCPA by contacting Plaintiff directly when |
| 20 | she was already represented by counsel, by failing to send notice as required by the FDCPA, by |
| 21 | misrepresenting CMC as the beneficiary of the promissory note and by misrepresenting that it |
| 22 | had the ability to foreclose when it had no lawful authority to do so. |
| 23 | \\ |
| 24 | |

\\

## Discussion

1. <u>Defendants' Motion to Dismiss First Amended Complaint under Rule 12(b)(6)</u>

Defendants sought to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) for failure to state a claim. Instead of responding to Defendants' motion, however, Plaintiff filed a second amended complaint without seeking leave to amend. Defendants never filed a reply.

The Court does not reach the merits of Defendants' motion because Plaintiff's filing of the second amended complaint rendered the motion moot. If Plaintiff again files an amended complaint in violation of Rule 15 of the Federal Rules of Civil Procedure, however, the Court will strike it. Under Rule 15(a)(1), a party may amend its pleading once as a matter of course. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

2. <u>Plaintiff's Motion to Stay Proceedings</u>

Plaintiff requests the Court stay the proceedings until the Washington Supreme Court answers whether MERS may be considered a "beneficiary" under the Deed of Trust Act. The Court DENIES Plaintiff's request.

A district court has discretionary power to stay proceedings in its own court. <u>Lockyer v. Mirant Corp</u>, 398 F.3d 1098, 1112 (9th Cir. 2005). Where it is proposed that pending proceeding be stayed, competing interests which will be affected must be weighed; among such competing interests are possible damage resulting from granting of stay, the hardship or inequity which party may suffer by being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from stay. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the Court finds neither the balance of hardships between the parties nor the prospect of narrowing the factual and legal issues justifies a stay. One of the legal issues in this case is whether the FDCPA applies to Defendants at all. If the Washington Supreme Court decided MERS is not a beneficiary under the Deed of Trust Act, only one of Defendants' potential defenses is precluded. Other issues would remain as to whether or not Defendants are subject to the FDCPA. In addition, competing interests counsel against a stay. Defendants seek an expeditious litigation to ensure clear and marketable title upon sale of the property. Given Defendants' counterclaim, a stay would permit Plaintiff to remain in her Snohomish County home without paying her mortgage. Since there is no estimate as to when the Washington Supreme Court will answer Judge Coughenour's certified questions and it's unlikely the decision would eliminate all of the legal issues, the Court DENIES Plaintiff's request to stay the proceedings.

3. <u>Defendants' Motion to Dismiss the Second Amended Complaint under Rule 12(b)(1)</u>

Defendants argue the Court lacks subject matter jurisdiction over this action because they made a Rule 68 Offer and Plaintiff failed to accept. The Court disagrees.

Federal courts lack jurisdiction to consider moot claims. <u>Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency</u>, 581 F.3d 1169, 1172 (9th Cir. 2009). Article III of the Constitution prohibits federal courts from hearing cases which are not based on "actual, ongoing cases or controversies." <u>Wolfson v. Brammer</u>, 616 F.3d 1045, 1053 (9th Cir. 2010). A full offer of settlement may render a case moot. <u>See</u> <u>Rand v. Monsanto Co.</u>, 926 F.2d 596, 598 (7th Cir. 1991). However, a settlement offer does not result in mootness if it does not provide all the relief a court might award. <u>Porter v. Schweiker</u>, 648 F.2d 310, 312 (5th Cir. 1981).

1	Here, Defendants presented Plaintiff with a Rule 68 Offer of Judgment. Under Rule 68
2	of the Federal Rules of Civil Procedure, a defendant may "serve on an opposing party an offer to
3	allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a).
4	Defendants' Rule 68 offer allowed judgment to be entered against Defendants on the following
5	terms: (1) in exchange for a $300,000 payment, the Note in the amount of $344,150 plus interest
6	would be satisfied, (2) Defendants would cancel and re-convey the subject Deed of Trust, and (3)
7	CMC would pay $5,000 in attorneys' fees. (Dkt. No. 18-3, Ex. 3.)

8	Plaintiff argues the Rule 68 offer did not consider Plaintiff's actual damages, treble
9	damages, or declaratory relief, and therefore, failed to provide all the relief a court might award
10	at trial. The Court agrees only in part. First, Plaintiff did not adequately plead actual damages in
11	her complaint. Since Defendants have not foreclosed on the property, Plaintiff would not be
12	entitled to recover actual damages at trial. Second, Plaintiff's treble damages are limited to
13	$25,000 under the CPA. See RCW 19.86.090. Since Defendants' Rule 68 offer is less than the
14	sum owed, the Court agrees that the offer considered potential treble damages that might be
15	awarded at trial in reducing the payment required.

16	However, the Court finds the Rule 68 Offer does not moot the case. The offer does not
17	provide Plaintiff with declaratory relief—i.e., a determination that she owes nothing to
18	Defendants CMC and NWTS since MERS is not a beneficiary on the Deed of Trust. Defendants
19	argue declaratory relief is not available under the FDCPA and therefore the Rule 68 Offer
20	provides all the relief available to Plaintiff. See Weiss v. Regal Collections, 385 F.3d 337, 341
21	(3rd Cir. 2004). The Court disagrees. While it is true FDCPA does not provide for declaratory
22	actions by private persons, a Rule 68 offer does not moot a case by providing only the relief
23	available under the federal cause of action. At trial, the Court might award relief on Plaintiff's
24

state law claim under the CPA in addition to the FDCPA claim. To the extent Defendants attack Plaintiff's state law claim, the Court need not reach the issue on a dismissal motion based on subject matter jurisdiction. To the extent Defendants appear to argue the Rule 68 offer provides state law relief by waiving Plaintiff's debt, the Court finds the argument unavailing. It is hard to understand the logic of requiring Plaintiff to pay $300,000 in order to waive a debt she doesn't believe she owes to Defendants in the first place.

Since Plaintiff's claims extend beyond statutory damages under the FDCPA and treble damages under the CPA and the Rule 68 Offer does not provide all the relief a court might award, the Court DENIES Defendant's motion to dismiss SAC under Rule 12(b)(1).

## Conclusion

The Court DENIES Defendants' motion to dismiss under Rule 12(b)(6) as moot, DENIES Plaintiff's motion to stay the proceedings, and DENIES Defendants' motion to dismiss under Rule 12(b)(1). Defendants' Rule 68 Offer did not provide all the relief requested by Plaintiff and, therefore, did not moot the action.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of October, 2011.

Marsha J. Pechman
United States District Judge