UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDILMA AMADOR,<br><br>               Plaintiff,<br><br>     v.<br><br>CENTRAL MORTGAGE COMPANY,<br>et. al.,<br><br>               Defendants. | CASE NO. C11-414 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM |

This matter comes before the Court on Plaintiff's motion to dismiss Defendant's counterclaim (Dkt. No. 21). Having reviewed the motion, the response (Dkt. No. 22), and the reply (Dkt. No. 25), the Court GRANTS Plaintiff's motion to dismiss Defendant's counterclaim for lack of subject matter jurisdiction.

**Background**

This is a foreclosure case. Plaintiff Edilma Amador is suing Defendant Central Mortgage Company ("CMC"), Northwest Trustee Services, Inc. ("NWTS"), and the Mortgage Electronic Registration Systems, Inc. ("MERS") for violating the Fair Debt Collection Practices Act

ORDER GRANTING PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIM- 1

1 ("FDCPA"), state law regulating collection agencies, the Washington Consumer Protection Act
2 ("CPA"), slander of title and declaratory relief.
3    Based on the Second Amended Complaint, in September 2006, Plaintiff executed a Deed
4 of Trust with Stewart Title Company as trustee, naming MERS as purported beneficiary and the
5 lender as Sierra Pacific Mortgage Company, Inc. (See Second Am. Compl., Dkt. No. 13, ¶ 7.)
6 In April 2010, Plaintiff was contacted by Defendant CMC about a delinquent loan. (Id. at ¶ 9.)
7 Despite Plaintiff requesting all correspondence be conducted through counsel, CMC notified
8 Plaintiff directly about possible foreclosure proceedings and referred Plaintiff to Defendant
9 NWTS. (Id. at ¶ 10.) CMC was not listed on the Deed of Trust and only after two months, in
10 June 2010, did MERS execute an assignment of the Deed of Trust to CMC. (Id. at ¶ 71.) In July
11 2010, NWTS sent Plaintiff and Plaintiff's counsel a demand letter. (Id. at ¶¶ 12-13.) In
12 November 2010, NWTS notified Plaintiff about its intention to institute foreclosure proceedings,
13 identifying CMC as the beneficiary of the promissory note. (Id. at ¶¶ 17-19.) One month later,
14 CMC appointed NWTS to be trustee. (Id. at ¶ 21.)
15    Plaintiff alleges Defendants violated the FDCPA by contacting Plaintiff directly when
16 she was already represented by counsel, by failing to send notice as required by the FDCPA, by
17 misrepresenting CMC as the beneficiary of the promissory note and by misrepresenting that it
18 had the ability to foreclose when it had no lawful authority to do so. After Plaintiff filed suit,
19 Defendant CMC filed a counterclaim for a decree of foreclosure.
20 \\
21 \\
22 \\
23 \\
24

**Discussion**

1. <u>Plaintiff's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction</u>

    a. <u>Standard</u>

A party may assert lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

    b. <u>Application</u>

Plaintiff argues the Court lacks subject matter jurisdiction over Defendant's counterclaim and should decline to assert supplemental jurisdiction. The Court agrees.

First, the Court does not have diversity jurisdiction over CMC's counterclaim. A district court has original jurisdiction over civil actions where in the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332. To meet this requirement, district courts require complete diversity, i.e., each plaintiff must be diverse from each defendant. <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806); <u>see also</u> <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). Here, both Plaintiff and NWTS are Washington residents. Although Defendant CMC is an Arkansas corporation, complete diversity does not exist and diversity jurisdiction is inappropriate.

Second, the Court declines to assert supplemental jurisdiction over Defendant's counterclaim. A district court may assert supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Here, Defendants' counterclaim for a decree of foreclosure is not part of the same "case or controversy" contained in Plaintiff's complaint.

1   Plaintiff is suing Defendants for violating the FDCPA and other state laws when attempting to

2   collect on a debt in 2010.  CMC's counterclaim is to enforce a deed of trust entered into in 2006.

3   While the central dispute relates to the same contract, Defendants' alleged acts occurred four

4   years after the deed of trust was signed.   In addition, the legal issues related to collection

5   activities and foreclosures are distinct.  Since the factual and legal circumstances to be litigated

6   are wholly different, the Court finds the claims are not part of the same case or controversy and

7   declines to assert supplemental jurisdiction over CMC's counterclaim.

8          The Court declines to assert supplemental jurisdiction because Defendant's counterclaim

9   is not part of the same case or controversy as Plaintiff's claims under the FDCPA.[1]

## Conclusion

11         The Court GRANTS Plaintiff's motion to dismiss Defendant's counterclaim for lack of

12  subject matter jurisdiction.

13         The clerk is ordered to provide copies of this order to all counsel.

14         Dated this 20th day of November, 2011.

_____
Marsha J. Pechman
United States District Judge

---

[1] To the extent Plaintiff argues Washington law requires a foreclosure action be brought in state court, however, the Court disagrees.  The Court's jurisdiction is dictated by Congress—not Washington law.  While the Deed of Trust Act requires foreclosure actions be brought in "the superior court of the county where the land, or some part thereof, lies, to foreclose," this only dictates the appropriate venue when an action is filed in state court.  RCW 61.12.040; see also RCW 4.12.010(1).  Since it is well-established that a matter may be removed to the district court of the United States for the district where such action is pending, 28 U.S.C. § 1441, the Deed of Trust Act serves as no bar to asserting jurisdiction over the counterclaim.