UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDILMA AMADOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL MORTGAGE COMPANY, et. al.,<br><br>　　　　　　Defendant. | CASE NO. C11-414 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REMANDING THE ACTION TO STATE COURT |

This matter comes before the Court on Defendants' motion for partial summary judgment (Dkt. No. 29.) Having reviewed the motion, the response (Dkt. No. 31), the reply (Dkt. No. 32) and all related filings, the Court GRANTS in part Defendants' motion for summary judgment and REMANDS the case to state court.

**Background**

This is a foreclosure case. Plaintiff Edilma Amador is suing Defendant Central Mortgage Company ("CMC"), Northwest Trustee Services, Inc. ("NWTS"), and the Mortgage Electronic Registration Systems, Inc. ("MERS").

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
REMANDING THE ACTION TO STATE COURT-
1

In September 2006, Plaintiff executed a Deed of Trust with Stewart Title Company as trustee, naming MERS as the purported beneficiary and the Lender as Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"). (Dkt. No. 29, Ex. 2 (Deed of Trust).)

In November 2006, Sierra Pacific informed Plaintiff that the right to collect payments was being transferred to GMAC Mortgage Corporation. (Dkt. No. 31, Ex. A.)

Plaintiff made payments to GMAC until June 1, 2007, when GMAC informed her that the right to collect payments would be transferred to CMC. (Dkt. No. 31, Ex. B.)

In April 2010, Plaintiff notified CMC, though her counsel, that she was considering bankruptcy and requested all correspondence be conducted through her counsel. (Dkt. No. 29, Ex. 3.) MERS executed an assignment of the Deed of Trust to CMC on June 17, 2010. (Dkt. No. 29, Ex. 4.) The next day CMC notified Plaintiff directly about possible foreclosure proceedings and referred Plaintiff to Defendant NWTS, as the attorney who would handle foreclosure. (Dkt. No. 29, Ex. 5.) NWTS was not appointed the trustee at this time.

Beginning in July 2010, NWTS sent Plaintiff and Plaintiff's counsel correspondence regarding delinquent payments. (Dkt. No. 31, Ex. E.) In November 2010, NWTS sent a "Notice of Default," informing Plaintiff about its intention to institute foreclosure proceedings and identifying CMC as the beneficiary of the promissory note. (Id.) NWTS sent the letter to Plaintiff at her residence, while also forwarding a copy to Plaintiff's counsel. (Id.)

In December 2010, CMC appointed NWTS as trustee. (Dkt. No. 29, Ex. 9.) In March 2011, Plaintiff instituted this litigation and a Notice of Trustee's Sale was not recorded for the property. Plaintiff claims Defendants acted as "debt collectors" and, in that capacity, violated the Fair Debt Collection Practices Act ("FDCPA") by contacting Plaintiff directly when she was already represented by counsel, by failing to send notice as required by the FDCPA, by

1 misrepresenting CMC as the beneficiary of the promissory note and by misrepresenting that it
2 had the ability to foreclose when it had no lawful authority to do so. In addition, Plaintiff sues
3 Defendants for violating state law regulating collection agencies, the Washington Consumer
4 Protection Act ("CPA"), slander of title and declaratory relief.

**Analysis**

Defendants seek partial summary judgment, arguing Plaintiffs' claims under the FDCPA and state law fail because Defendants are not "debt collectors."

a. Standard

In examining Defendants' motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir.2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir.1991).

b. FDCPA claims

Defendants argue they are not "debt collectors" and, therefore, not subject to the FDCPA. 15 U.S.C. § 1692 et seq. The Court disagrees, but finds there is no showing that Defendants violated the FDCPA.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
REMANDING THE ACTION TO STATE COURT-
3

Under the FDCPA, a "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). In general, circuits have rejected the argument that mortgage servicers or foreclosure trustees are categorically exempt from the FDCPA. See, e.g., Wilson v. Draper & Goldberg, PLLC, 443 F.3d 373, 378 (4th Cir. 2006); Kaltenbach v. Richards, 464 F.3d 524, 528-29 (5th Cir. 2006). But see Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188 (D.Or. 2002)(rejecting plaintiff's FDCPA claim against mortgage servicers because "foreclosing on a trust deed is distinct from the collection of the obligation to pay money.") The Ninth Circuit has not yet decided whether foreclosure proceedings fall within the FDPA's ambit; however, district courts generally recognize FDCPA claims only to the extent they are brought under 15 U.S.C. § 1692f. See, e.g., Jara v. Aurora Loan Services, LLC, 2011 WL 6217308 at *4 (N.D. Cal. 2011)(slip copy); Armacost v. HSBC Bank USA, No. C10-274 EJL-LMB, 2011 WL 825151 (D.Idaho Feb. 9, 2011). For purposes of 15 U.S.C. §1692f claims, a "debt collector" is specifically defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

In this case, the Court follows other district courts in the Ninth Circuit and recognizes an FDCPA claim only to the extent it is brought under 15 U.S.C. § 1692f. To hold otherwise would create a tension between the notice requirements set forth in Washington's Deed of Trust Act and the FDCPA's requirement that a debt collector communicate only through a debtor's counsel. See Kazen v. Premier Mortg. Servs. Of Wash., Inc., 78 Fed. Appx. 586, 587 (9th Cir. 2003)(finding no FDCPA violation when lender merely mailed Plaintiff a "notice of default").

However, even assuming Defendants are "debt collectors" under this limited circumstance, the Court finds summary judgment is appropriate. The Court finds Defendants are not liable under § 1692f(6). A § 1692f violation arises when a debt collector "tak[es] or threaten[s] to take any non-judicial action to effect dispossession or disablement of property if— there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f; see also Pizan v. HSBC Bank USA, N.A., No. C11-26 TSZ, 2011 WL 2531104 at *3 (W.D. Wash. 2011)(slip copy)(recognizing a FDCPA claim may exist under §1692f against mortgage servicers and trustees).

In this case, Defendants did have a present right to possess the property and institute foreclosure proceedings. MERS assigned the Deed of Trust to CMC on June 17, 2010, (Dkt. No. 29, Ex. 4), and Defendants submitted a manifest that follows CMC's possession of the note. (Dkt. No. 32, Ex. C.) In November 2010, CMC again verified that it was the beneficiary of the promissory note in a declaration. (Dkt. No. 29, Ex. 10.) While Plaintiffs argue MERS could not have transferred a beneficial interest to CMC in June 2010 because it was not a beneficiary, the argument fails. As stated in the Deed of Trust, MERS "is the beneficiary under this Security Interest." (Dkt. No. 29, Ex. 2.) Therefore, there is no genuine issue of material fact that Defendants did not take or threaten to take any non-judicial action to effect dispossession of the property that it did not have a present right to possession. To the extent Plaintiff argues the DTA requires CMC to have held the promissory note "at all times" in order to institute foreclosure proceedings, Plaintiff's argument is unavailing. Plaintiff provides no evidence that CMC did not hold the promissory note during all relevant times. Merely demanding that Defendants demonstrate possession of the note is not enough to show a dispute of material fact.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
REMANDING THE ACTION TO STATE COURT-
5

In addition, Defendants NWTS and MERS are not liable under the FDCPA. NWTS did not violate the FDCPA by issuing a notice of default one month before being appointed as trustee. Under Washington's Deed of Trust Act, a notice of default may be issued by "a trustee, beneficiary or authorized agent." RCW 61.24.031. Since CMC had a right to possess the property and NWTS acted on behalf of CMC as an "authorized agent," NWTS did not violate § 1692f(6) of the FDCPA. See Dkt. No. 29, Ex. 5 (letter written in June 2010 informing Plaintiff that NWTS would be completing the foreclosure). Even if a foreclosure action was considered a dispossession action under § 1692f(6), NWTS did not violate the FDCPA because the Deed of Trust gave NWTS the right to institute foreclosure proceedings since NWTS did not have to be appointed as a trustee in order to issue the notice of default. Similarly, Plaintiffs' claims against MERS fail because, even as alleged, MERS did not attempt to foreclose in its own name or engage in communications with Plaintiff. Thus, MERS is not liable for violating the FDCPA as a matter of law.

Since Plaintiffs fails to present a genuine issue of material fact, the Court GRANTS summary judgment on the FDCPA claims.

   c. <u>State Law Claims</u>

Defendants also argue they do not fall within the definition of "debt collector" under state law. See RCW 19.16 et. seq. Since property disputes are more properly addressed in state court, the Court declines to reach this issue. The Court REMANDS the action to state court.

**Conclusion**

The Court GRANTS in part Defendants' motion for partial summary judgment. The Court finds Plaintiffs' FDCPA claims fail because Defendants did not institute foreclosure proceedings without a right to possession. Since no federal cause of action remains, the Court

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
REMANDING THE ACTION TO STATE COURT-
6

1 | remands the action to state court.  See "If at any time before final judgment it appears that the

2 | district court lacks subject matter jurisdiciont," the district court is mandated to remand the case.

3 | 28 U.S.C. § 1447(c) (2006).

4 | The clerk is ordered to provide copies of this order to all counsel.

5 | Dated this 8th day of February, 2012.

Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
REMANDING THE ACTION TO STATE COURT-
7